IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR24-4068-LTS |
| | ) | |
| vs. | ) | |
| | ) | |
| TODD DOUGLAS BABB, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America hereby files its Sentencing Memorandum.

## I.   WITNESSES

The government does not anticipate calling any witnesses.

## II.   EXHIBITS

The government does not anticipate submitting any exhibits.

## III.   INTRODUCTION

Defendant pled guilty to one count of a three-count indictment, namely, Count 1: conspiracy to distribute methamphetamine, after having been previously convicted of a serious drug felony, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851.   (PSR ¶ 1).   On Count 1, as enhanced pursuant to 21 U.S.C. § 851, defendant faces a maximum term of life imprisonment, with a minimum term of 15 years' imprisonment and a minimum 10-year term of supervised release.   (PSR ¶¶ 107, 110).   **However, the parties agreed to and executed a Rule 11(c)(1)(C) plea agreement to a sentence of 210 months' imprisonment.**

**(PSR ¶¶ 3, 109).** The parties did not reach any agreement as to a term of supervised release or fine. (PSR ¶ 3).

U.S. Probation scored defendant at a base offense level 34 pursuant to USSG §2D1.1, increased to a level 37 pursuant to USSG §4B.1.1(b)(1), decreased by three-levels for acceptance of responsibility pursuant to USSG §3E1.1, for a total offense level of 34. (PSR ¶¶ 11-21). U.S. Probation scored defendant at criminal history category VI, with a criminal history score of twenty-four. (PSR ¶¶ 48-51). Defendant was classified as a Career Offender pursuant to USSG §4B1.1(b)(1). (PSR ¶ 8). Therefore, defendant's advisory sentencing guideline range was scored at 262 to 327 months' imprisonment. (PSR ¶ 108). **However, pursuant to the plea agreement, the parties agreed to a sentence of 210 months' imprisonment. (PSR ¶ 109).**

## IV.     SENTENCING FACTORS

The government asserts the following may be considered in any sentencing analysis in this case. Defendant is 62-years old, with no minor children, does not recall much of his childhood other than feeling loved. (PSR ¶¶ 71-74). Defendant was diagnosed with severe arthritis with ankle bones that "are dead," needs a bifocal prescription, continued dental work as he has only front teeth which are deteriorating down to his gums, and would like to be evaluated for memory decline. (PSR ¶¶ 75-78). Defendant was diagnosed with generalized anxiety disorder,

2

major depressive disorder, bipolar II disorder, and ADHD in 2022 and in 2024 after treatment, defendant's diagnosis for bipolar II was removed and a diagnosis of methamphetamine type disorder was added along with medications prescribed for the conditions. (PSR ¶ 79).

Defendant has a history of substance abuse issues, beginning with alcohol and marijuana at age 12, methamphetamine in his 20s, with daily use of methamphetamine, regular use of cocaine and crack cocaine between the ages of 17 and 27, and has tried heroin, psilocybin mushrooms and LSD. (PSR ¶¶ 80-85). Defendant reports participation in multiple substance abuse treatments over the course of many years. (PSR ¶¶ 86-96).

Defendant earned his GED in 2004 while incarcerated in Iowa and while incarcerated with Bureau of Prisons completed over 2,000 hours of programming related to industrial housekeeping and has indicated an interest in receiving vocational training. (PSR ¶¶ 97-101). Defendant reports being employed over the years when not incarcerated but employment records reflect defendant has had almost no employment, with little to no reported earnings in the past ten years. (PSR ¶¶ 102-103).

Defendant's criminal history began at the age of 13, with adult convictions that include, possession of controlled substance (x13); drive while license suspended; public intoxication; operating while intoxicated (x3); delivery of

3

controlled substance; no driver's license (x4); harassment, second degree; conspiracy to distribute methamphetamine/possess with intent to distribute methamphetamine within protected location/possess with intent to distribute methamphetamine (prior NDIA federal conviction in 2000); no insurance; and possession of drug paraphernalia.   (PSR ¶¶ 22-47).

Defendant's offense-conduct in this case stems from evidence and information obtained during various investigations by law enforcement from 2018-2024 establishing defendant was involved in selling large amounts of methamphetamine in Sioux City, Iowa which was confirmed, in part, through surveillance of defendant's residence in the summer of 2024.   (PSR ¶ 7).   And on August 7, 2024, surveillance led to a traffic stop of an alleged drug customer of defendant a short distance from defendant's residence and the seizure of about one pound of methamphetamine.   (PSR ¶ 8).   Thereafter, a search warrant at defendant's residence was executed and law enforcement seized over $3,700 in cash and ¼ pound of methamphetamine which defendant intended to distribute to others. (PSR ¶ 9).

## V.   CONCLUSION

The government recommends a sentence of 210 months' imprisonment and asserts such a sentence is supported by the overall circumstances of the case, including offense conduct and personal characteristics of defendant and the

4

litigation risks to each party.

Respectfully submitted,

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, on March 13, 2026.

UNITED STATES ATTORNEY

BY:   s/ Jean Wordekemper

LEIF OLSON
United States Attorney

By: /s/ *Shawn S. Wehde*

SHAWN S. WEHDE
Assistant United States Attorney
600 4th Street, Ste. 670
Sioux City, IA   51101
(712) 255-6011 / (712) 252-2034 (fax)
Shawn.Wehde@usdoj.gov

5